[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence March 3, 1995 Date of Application March 3, 1995 Date Application Filed March 3, 1995 Date of Decision July 25, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford-New Britain (G.A. 15).
Docket No. CR89-114745;
William A. Connelly, Pro se Counsel, for Petitioner.
Scott Murphy, Esq., Supervisory Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of two counts of kidnapping in the second degree in violation of General Statutes § 53a-94; and, two counts of assault in the second degree in violation of General Statutes § 53a-60.
As a result of such conviction, consecutive sentences of fifteen years were imposed for the kidnapping violation and consecutive sentences of five years were imposed on each count of the assault charges. The total effective sentence was forty years. CT Page 10432
The facts underlying petitioner's conviction indicate that on November 10, 1989, Newington police responded to a situation in which it was discovered that petitioner was holding two of his brothers as hostages within the family residence. The situation was triggered by petitioner's belief that his brothers were involved in an ongoing conspiracy against him. Petitioner demanded that the FBI, a court stenographer and Attorney Edward Daly be brought to his residence by 12:45 p. m. or he was going to shoot one of his brothers. At 12:45 p. m. petitioner fired a pistol shooting his brother, Edward, in the wrist. Communications continued between petitioner and the police. Petitioner informed the police that the FBI must be brought to the house or he would shoot his other brother, Timothy, in the spine at 3:00 p. m. At 2:58 p. m. petitioner shot his brother, Timothy, in the hand. At that time, members of the S.W.A.T. Team broke down the bedroom door and placed petitioner under arrest.
A review of the procedural history of the case is important to a complete understanding of the situation.
Petitioner, then represented by private counsel, entered a plea of not guilty due to mental disease or defect. General Statutes § 53a-13. The case was tried to the court which found petitioner not guilty by reason of mental disease or defect. Petitioner was then committed to the custody of the Psychiatric Security Review Board and confined at the Whiting Forensic Institute. While so confined, petitioner sought a writ of habeas corpus which was allowed, setting aside his conviction and granting him a new trial.
Petitioner represented himself before the jury at the subsequent trial with the result previously noted.
Petitioner argued for a reduction in sentence. He pointed out that he did not cooperate in the preparation of the presentence investigation. This document he argued contained a number of inaccuracies, falsehoods and distortions. Petitioner fears that the distorted presentence investigation influenced the sentencing judge. Petitioner pointed out that he is an educated person with no prior criminal record. A Vietnam veteran who has in the past contributed to society, petitioner states that at present he is not a danger to anyone and has no desire to harm anyone. He recognized the importance of punishment for an offense such CT Page 10433 as he committed, but argued that a greatly reduced sentence would be more appropriate. Petitioner also pointed out that the injuries suffered by the victims here were not serious, and he cooperated fully with the police. Petitioner argues that his potential for rehabilitation is excellent and if the sentencing judge concluded otherwise, he was incorrect. Petitioner pointed out that he has been found competent and has refused psychiatric or psychological help claiming that it was not necessary.
Considering all factors, petitioner argues that the sentence imposed was excessive and should be reduced.
The State's attorney argued against any reduction in sentence. He reviewed the serious nature of the crime charged and pointed out that petitioner shot both of the victims to convince the parties involved that he was serious. The attorney stated that petitioner has never shown any remorse for his conduct. His position being he was forced into it by the conspiracy. Under the circumstances, it was argued that the sentence imposed was appropriate for the offense and should not be reduced.
Petitioner was convicted of serious felony charges involving the shooting of two innocent hostages. The maximum sentence which could be imposed for these violations was fifty years in prison. The prime index of the gravity of a particular crime is the length of the statutorily authorized prison sentence that a defendant convicted of the crime may be required to serve. State v. Tucker, 219 Conn. 752, 759
(1991). The officer who prepared the presentence investigation recommended a fifty year sentence.
At the time of sentencing, petitioner made a concerted effort to convince the court that he was not a threat to anyone and that he was an excellent candidate for rehabilitation. The record clearly indicates, however, that at sentencing, petitioner still clung to his conspiracy theory and maintained that the victims were at fault. He has never shown any remorse for his criminal conduct, but has attempted to give reasons for the crime. Petitioner indicated that he would not cooperate with any type of psychiatric help and resisted any recommitment to Whiting. In this petitioner confused a need for psychiatric treatment with a finding of competency. Under the circumstances the court could clearly CT Page 10434 determine that petitioner was, in fact, a threat to the public and his former victims.
Considering all of the factors set forth in Connecticut Practice Book § 942, it cannot be found that the sentence imposed was excessive or should be modified.
Sentence affirmed.
Purtill, J.
Norko, J.
Stanley, J.
Purtill, J., Norko, J. and Stanley, J. participated in this decision.